ALFRED JETTE, administrator, *vs.* FERNAND LONGPRE.

Bristol.   October 26, 1936. — May 24, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Motor vehicle, In use of way, Due care of person in charge of child.

Evidence of the circumstances in which a boy, almost three years of age, was struck by an automobile while he was standing on a curbstone or in the gutter in plain sight in the daytime waiting for his brother to cross the street to him, warranted findings that the operator of the automobile was negligent and that no negligence of any custodian of the boy contributed to his injury.

TORT.   Writ in the Superior Court dated May 29, 1933.

After the recording with leave reserved of a verdict for the plaintiff in the sum of $3,000 on a count for death, *Brogna,* J., ordered the entry of a verdict for the defendant on that count.   The plaintiff alleged an exception.

*F. A. Tracy,* (*J. B. Tracy* & *M. H. T. McGregor* with him,) for the plaintiff.

*G. P. Ponte,* for the defendant.

LUMMUS, J.   After a verdict for the plaintiff in this action for negligently causing the death of the plaintiff's intestate, the judge under reserved leave (G. L. [Ter. Ed.] c. 231, § 120) entered a verdict for the defendant.   The case comes here on the plaintiff's exception to that action.

The jury could have found from the evidence the following facts.   In the early afternoon of May 7, 1933, the plaintiff's intestate, a boy nearly three years old, was standing still on the curbstone or in the gutter on the easterly side of Pine Street in Attleboro, in front of the house in which he lived, waiting for his brother of nine years to cross the street to get him.   An automobile driven by the defendant in a northerly direction on the easterly side of the street approached the boy, who was in plain sight, slowed down, then put on speed, turned into the gutter,

struck the boy, inflicting fatal injuries, went on for at least one hundred thirty feet, and stopped. These facts warranted the conclusions that the defendant was negligent and that no negligence of any custodian of the boy contributed to the injury.

*Exceptions sustained.*
*Judgment for the plaintiff on the*
*verdict returned by the jury.*